[No. 18676. Department Two. January 9, 1925.]

W. W. McBRIDE *et al., Respondents,* v. WILLAMETTE
AND COLUMBIA RIVER TOWING COMPANY, *Appellant.*[1]

SHIPPING (12)—LIABILITY FOR TORTS—NEGLIGENT NAVIGATION. The
navigator of a public stream is liable for negligence in navigation
causing injury to a house on the banks of the stream.

SAME (12)—TORTS — NEGLIGENCE IN NAVIGATION — INSTRUCTIONS.
In an action for negligent navigation in a slough during the time
of high water, it is error to give an instruction basing negligence
on unnecessarily going outside the usual channel and course of the
river, where it is admitted that the slough was navigable at the time
by reason of the high water.

DAMAGES (112)—INJURY TO PROPERTY—EVIDENCE—ADMISSIBILITY.
It is not an invasion of the province of the jury for the owner of a
house, washed from its foundations, to detail items of damages upon
an inquiry of a very common kind.

Appeal from a judgment of the superior court for
Clarke county, Simpson, J., entered December 5, 1923,
upon the verdict of a jury rendered in favor of the
plaintiffs, in an action in tort. Reversed.

*M. B. Meacham* and *Miller, Wilkinson & Miller,* for
appellant.

*McMaster, Hall & Schaefer,* for respondents.

MITCHELL, J.—W. W. McBride and his wife brought
this action against the Willamette and Columbia River
Towing Company, a corporation, to recover for dam-
ages caused by the negligent acts of the defendant.
There was a verdict and judgment for the plaintiffs,
from which the defendant has appealed.

The respondents owned a residence building on the
bank of a slough of the Columbia river, and it is
charged that, during a freshet in the river, while the
waters, though slightly receding, were out of the banks

[1] Reported in 232 Pac. 286.

of the slough surrounding the residence and within a few inches of the floor of the building, the appellants, in operating their tow-boat "Twin City" through the slough in a negligent and zig-zag manner, ran it near or into the brush on the bank next to the building and suddenly veered the steamer away from the building, causing the swells from the stern wheel of the steamer to be forced upon and into the house of the plaintiffs, washing it from its foundation and causing the damage complained of. There was substantial evidence to prove the allegations. The persons engaged in operating the steamer were well aware of the building and its proximity to the course of the steamer, and it was plainly visible that the waters were already receding.

Several assignments of error may be disposed of in consideration of the rule that "the undoubted right of the steamer to the navigation of the river is subject to the restriction that it must be exercised in a reasonable and careful manner, and do no injury to others that care and prudence may avoid." *The Morrisania,* 13 Blatchf. (U. S.) 512, Fed. Cas. No. 9839. Or, as stated in *Anderson v. Columbia Contract Co.,* 94 Ore. 171, 184 Pac. 240, 185 Pac. 231, 7 A. L. R. 653, that while a boat may take her course, "the navigator of a public stream must manage his craft with ordinary care and with due regard to the rights, property, and lives of others. 1 Farnham on Waters, §§ 27, 31, 33; *John Spry Lumber Co. v. The C. H. Green,* 76 Mich. 320, 43 N. W. 576."

Two assignments relate to the refusal of instructions requested by appellant. The one was as to what would not constitute actionable negligence, the refusal of which was not reversible, since the court did charge the jury correctly, fully and affirmatively concerning the alleged negligence upon which the respondents relied, together with the necessity and burden of showing it. The other was as to the act of God as a concurring force

in causing the damage. But we think this instruction as proposed was not applicable under all the proof in this case.

Error is assigned upon the giving of instruction number 10, which was as follows:

"If you believe from the evidence that the steamer 'Twin City' could have been piloted, operated or navigated through the regular channel of the Columbia river, and that the defendant unnecessarily, and because of negligence and want of care, navigated outside of said channel, then the defendant's action in going outside of the usual channel and course of vessels was the result of an unfair or negligent exercise of its right of navigation, and plaintiff is entitled to recover his damages, provided that such negligence was the proximate cause of any injury suffered by plaintiffs."

This assignment must be sustained. There was no contention, at the time the jury was instructed, that the slough was not a navigable body of water at the time the negligent acts complained of occurred. The respondents admit this in their brief, although they alleged the contrary in their complaint. The slough being navigable at that time, appellant had the right to travel it rather than the main channel of the river, provided, of course, it did so in a reasonable and prudent manner. Nor was the instruction less harmful because appellant's witness upon cross-examination admitted that it was possible though much harder to navigate the main channel than the slough at that time. The choice was with the navigator, without the imputation or right of inference against him in the taking of either way.

It is claimed that the testimony of the respondent Mr. McBride was incompetent to prove the damages he sustained, and that in so testifying he invaded the province of the jury. There was no objection whatever to his testimony in this respect, which was given

somewhat in detail as to the several items of damages as alleged in the complaint. The items related to an inquiry of a very common kind, of which he as the owner of the property damaged and the one who sustained the damage was well qualified to testify.

For the error mentioned in the giving of instruction number 10, the judgment is reversed, with directions to the lower court to grant a new trial.

MAIN, C. J., PEMBERTON, BRIDGES, and FULLERTON, JJ., concur.